UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-08354-CAS(ASx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | KYLE ANTHONY LEWIS v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Karns | Garrett Coyle, AUSA |

**Proceedings:** PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ALL TESTIMONY FROM DEFENDANT'S EXPERTS (Dkt 27, filed August 29, 2016)

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE COLLATERAL SOURCES (Dkt 28, filed August 29, 2016)

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT'S OPINIONS BASED ON UNDISCLOSED MRI IMAGES (Dkt 29, filed August 29, 2016)

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PORTION OF POLICE REPORT (Dkt 30, filed August 29, 2016)

## I. INTRODUCTION

On October 27, 2015, plaintiff Kyle Anthony Lewis brought this action alleging that on January 9, 2015, Sue Ann Chavez, an employee of the United States Postal Service, negligently caused a motor vehicle collision with plaintiff's vehicle. Dkt. 4. Plaintiff seeks damages for past and future medical care and general damages. A bench trial is set to commence in this action on October 18, 2016.

On August 29, 2016 plaintiff filed two motions in limine. Dkts. 27, 28. The government filed its opposition to plaintiff's motions on September 1 and 2, 2016. Dkts. 36, 38. Also on August 29, 2016, the government filed two motions in limine. Dkts. 29, 30. Plaintiff filed his opposition to the government's first motion on September 1, 2016. Dkt. 35. Plaintiff did not file an opposition to the government's second motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08354-CAS(ASx) | Date | September 26, 2016 |
| Title | KYLE ANTHONY LEWIS v. UNITED STATES OF AMERICA | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013).  Trial courts have broad discretion when ruling on such motions.  See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002).  Moreover, such rulings are provisional and "not binding on the trial judge" on the court.  Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III.   DISCUSSION

### A.   Plaintiff's Motion in Limine No. 1 to Exclude All Testimony from the Government's Experts

In his first motion in limine, plaintiff asks that the Court exclude all testimony from the government's experts.  Dkt. 27 ("Lewis MIL 1"). Plaintiff argues that the government failed to disclose its experts before the July 1, 2016 cut-off, see dkt. 18, and that the government did so by improperly characterizing all of its experts as "rebuttal" experts subject to the August 19, 2016 rebuttal deadline.  Lewis MIL 1 at 1.  As a result, plaintiff contends that he was not afforded the opportunity to designate rebuttal witnesses of his own.  Id. at 2.

In its opposition, dkt. 36 ("Gov't Opp'n 1"), the government contends that each of its experts witnesses will contradict or rebut evidence presented by plaintiff's expert disclosure, and, therefore, the government timely disclosed its witnesses by the rebuttal expert cut-off.  Id. at 1–3.  The government also argues that disclosure of its experts at the rebuttal cut-off was harmless because plaintiff had an opportunity to depose the government's rebuttal experts, but plaintiff did not depose them.  Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-08354-CAS(ASx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | KYLE ANTHONY LEWIS v. UNITED STATES OF AMERICA | | |

The Court finds that plaintiff has failed to establish that the government's experts are not rebuttal experts. Therefore, plaintiff's motion in limine no. 1 is **DENIED** without prejudice, subject to a further showing at trial.

### B. Plaintiff's Motion in Limine No. 2 to Exclude Collateral Sources

In his second motion in limine, plaintiff asks the Court to exclude evidence as to the reasonable value of medical services under the collateral source rule. Dkt. 28. Plaintiff argues that the government should be precluded from admitting evidence showing that a medical provider might gratuitously write off a portion of plaintiff's bills in the future. Id. at 3.

In its opposition, the government argues that the collateral source rule is not implicated because the government does not plan to introduce evidence showing that plaintiff received compensation for his injuries from an independent source (because plaintiff has not received any collateral payments). Dkt. 38 at 1–2. Rather, the government contends that it will show that the billed amounts for plaintiff's care exceeded the reasonable value of the medical services provided and that plaintiff's providers routinely accept less than what they billed to plaintiff. Id. at 1.

Plaintiff's argument is without merit. The collateral source rule "does not address the amount of damages that a plaintiff can recover in the first instance." Howell v. Hamilton Meats & Provisions, Inc., 257 P.3d 1130, 1143 (2011). Plaintiff does not allege that he has received a collateral payment or that a medical provider has gratuitously written off of a portion of his bills. Moreover, the amount of plaintiff's damages remains at issue in this case. Therefore, the government should not be precluded from presenting evidence showing the reasonable value of the services rendered to plaintiff. Accordingly, plaintiff's motion in limine no. 2 is **DENIED**.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08354-CAS(ASx) | Date | September 26, 2016 |
| Title | KYLE ANTHONY LEWIS v. UNITED STATES OF AMERICA | | |

### C. Government's Motion in Limine No. 1 to Exclude Plaintiff's Expert's Opinions Based on MRI Images

In its first motion in limine, the government asks the court to exclude plaintiff's expert's opinions based on undisclosed MRI images. Dkt 29. The government argues that plaintiff's failure to disclose the MRI images prejudices the government. Id. at 2.

Plaintiff argues that he was never in possession of the MRI images and that the government never specifically requested them in discovery. Dkt. 35 at 1. Plaintiff further contends that, after the government first indicated it was having difficulty obtaining the MRI images at the deposition of plaintiff's expert on August 18, 2016, plaintiff obtained and sent the MRI images to the government on September 1, 2016. Id.

Because the government now has access to the MRI images and will have had access to them for more than four weeks before the start of the trial, the Court finds that the initial lack of disclosure will not prejudice the government.[1] Therefore, the government's motion in limine no. 1 is **DENIED**.

### D. Government's Motion in Limine No. 2 to Exclude Opinions about Causation Contained in the Police Report

In its second motion in limine, the government asks the court to exclude opinions about causation contained in the police report of the car accident giving rise to this case. Dkt 30. The government argues that the officer who wrote the report did not witness the accident and his opinions are therefore inadmissible hearsay. Id. at 1. The government also contends that the officer's conclusions are inadmissable expert opinion because plaintiff did not disclose the officer as an expert witness and plaintiff has not shown the officer is qualified to provide expert opinions about accident reconstruction. Id.

---

[1] At oral argument, counsel for the United States acknowledged that it now has possession of the MRI images, but indicated there was difficulty in opening one image. The Court directs the parties to meet and confer to determine how best to provide defense with this MRI image prior to trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08354-CAS(ASx) | Date | September 26, 2016 |
| Title | KYLE ANTHONY LEWIS v. UNITED STATES OF AMERICA | | |

Plaintiff does not oppose this motion, and the Court therefore **GRANTS** the government's unopposed motion in limine.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** in part and **GRANTS** in part plaintiff's motions in limine, as set forth in this order. The Court **DENIES** in part and **GRANTS** in part the government's motions in limine, as set forth in this order.

IT IS SO ORDERED.

| | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |