UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-08354-CAS(ASx) | Date | May 24, 2017 |
| Title | KYLE ANTHONY LEWIS v. UNITED STATES AMERICA | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                        Not Present

**Proceedings:**     (IN CHAMBERS) - WHETHER COMPARATIVE FAULT SHOULD REDUCE THE PAIN AND SUFFERING DAMAGE AWARD (Dkt. 83, filed May 10, 2017)

After trying this matter on October 21, October 27, October 28 and November 3, 2016, the Court issued tentative findings of fact and conclusions of law on March 21, 2017. Dkt. 74.

One day earlier, on March 20, 2017, the government filed an ex parte request to reopen the trial record. Dkt. 72. The government sought to introduce the declaration of Hector Cardenas, an investigator, and video recordings of plaintiff engaging in physical activities after the 2016 trial. Id.

On March 24, 2017, the Court concluded that the videos were relevant to Court's findings of fact and conclusions of law and that the Court's consideration of the videos would not unduly prejudice plaintiff. Dkt. 78. Accordingly, the Court granted the government's application and reopened the trial record to permit the government to submit a declaration from Cardenas and video recordings. Id.

On May 3, 2017, the Court heard testimony by plaintiff and oral argument as to the weight that should be accorded to the government's new evidence. Dkt. 82. Plaintiff admitted that he had engaged in the moving activities depicted in the video recordings, but claimed that was carrying an empty box and that he requires pain medication up to four days a week. The government argued that damages for pain and suffering—which the Court conceded had not been reduced for comparative fault in its tentative order—should be reduced for comparative fault and pursuant to superseding cause principles. Accordingly, the Court ordered supplemental briefing on that question. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|---|
| Case No. | 2:15-cv-08354-CAS(ASx) | | Date | May 24, 2017 |
| Title | KYLE ANTHONY LEWIS v. UNITED STATES AMERICA | | | |

The parties submitted their supplemental briefs on May 10, 2017. Dkts. 83, 84. The parties agree that the law requires plaintiff's damages for pain and suffering to be reduced based upon his comparative fault. The government argues that non-economic damages must also be apportioned to account for plaintiff's subsequent accidents. Plaintiff, however, disputes that pain and suffering must be reduced further for subsequent events.

The parties are correct that comparative fault principles apply to economic *and* non-economic damages, including pain and suffering. CACI No. 3960; Cal. Civ. Code § 1431.2(a) ("In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault . . . [e]ach defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault"); id. § 1431.2(b) ("non-economic damages" includes "pain [and] suffering"). Additionally, the government is correct that the responsibility for harm arising from subsequent events (i.e., intervening causes) is apportioned based on percentage of responsibility, and as a result, such subsequent events also reduce a "defendant's percentage of fault" for economic and non-economic damages, including pain and suffering. See CACI No. 406; Cal. Civ. Code § 1431.2(a); Restatement (Second) of Torts § 441 cmt. d. (where an intervening force arises because of conduct by the original tortfeasor *and* a third party, the original tortfeasor and the third party are concurrently liable, even though the original tortfeasor's conduct has ceased to operate actively).

Thus, the Court reduces the government's share of liability for plaintiff's pain and suffering arising from the January, July, and December 2015 accidents in accordance with the Court's findings regarding comparative fault and intervening causes. First, the Court found that U.S. Postal Service letter carrier Sue Silva and plaintiff were equally negligent in causing the January accident. See dkt. 74, Tentative Conclusions of Law ¶ 6. Second, the Court found that twenty-five percent of plaintiff's injury resulting from the July 2015 work accident can be attributed to the January accident. Id. ¶ 26. Finally, the Court found that ten percent of damages arising from the December 2015 car accident can be attributed to the January accident. Id. ¶ 34. Accordingly, plaintiff is entitled to recover (i) fifty percent of his pain and suffering arising from the January accident, (ii) 12.5 percent (half of twenty-five percent) of his pain and suffering arising from the July accident, and (iii) five percent (half of ten percent) of his pain and suffering arising the December accident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-08354-CAS(ASx) | Date | May 24, 2017 |
|---|---|---|---|
| Title | KYLE ANTHONY LEWIS v. UNITED STATES AMERICA | | |

"No definite standard or formula is prescribed by law to fix reasonable pain and suffering compensation." Justice Zerne P. Haning et al., California Practice Guide: Personal Injury § 3:179 (The Rutter Group 2016). "[D]amages for the intangible, noneconomic aspects of mental and emotional injury are . . . not readily subject to precise calculation. The amount of such damages is necessarily left to the subjective discretion of the trier of fact." Greater Westchester Homeowners Assn. v. City of Los Angeles, 603 P.2d 1329, 1338 (Cal. 1979). Accounting for the government's percentage of fault as described above and having heard plaintiff's additional testimony at the May 2, 2017 evidentiary hearing regarding his continued pain when engaging in certain activities and his continued need for significant pain medication several times per week, the Court concludes that the government is liable in the amount of $100,000 for plaintiff's pain and suffering.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |